OPINION
{¶ 1} These consolidated cases have been set on the accelerated calendar of this court. Appellant, Ryan Kyle Newsome, appeals from the September 11, 2006 judgment entry of the Ashtabula County Common Pleas Court, Probate Division. In that judgment entry, the trial court overruled appellant's objections to the magistrate's decision and adopted the decision as its own. The magistrate's decision recommended that the surnames of the parties' minor children be changed to that of appellee's current *Page 2 
husband. On review, we affirm the judgment entry of the Ashtabula County Common Pleas Court, Probate Division.
 {¶ 2} Appellee, Tracy A. DeChurch, was married to Paul Joseph Laurello, with whom she bore two children: Jessica Laurello and Lindsay Laurello. Appellee and Laurello were divorced in 2000 and share custody of their two children. These two children are not involved in the instant cases.
 {¶ 3} Appellee and Newsome entered into a relationship in 2000, but did not get married. Appellee and Newsome had two children who are the subject of the instant cases. Newsome signed the birth certificate for both children and paternity has been established for both children. The older son ("Kobe") was born in 2001, and the younger daughter ("Kaliegh") was born in 2003. The relationship between Newsome and appellee ended in March 2003.
 {¶ 4} Appellee married Steven D. DeChurch on August 14, 2004. DeChurch has not fathered any children.
 {¶ 5} In December, 2005, appellee filed applications to change the names of Kobe and Kaliegh to Nicholas Kobe Newsome DeChurch and Kaliegh Jadyn Newsome DeChurch, respectively. Her applications stated that she wished to have the children have the same last name as she does and the same as the entire household. The matter was heard by a magistrate.
 {¶ 6} At the time of the name-change hearing, Newsome was incarcerated and appeared through counsel.
 {¶ 7} Appellee testified that Newsome was involved as a companion and as a father for approximately six months after the birth of Kobe, but after that period of time, *Page 3 
he was rarely home and was rarely employed. Just prior to the birth of Kaliegh, Newsome was convicted of domestic violence against appellee. Approximately one month after the birth of Kaliegh, their relationship ended. In May 2004, Newsome kidnapped appellee and took her on an all-night joyride in a drug-induced state. The Ashtabula Common Pleas Court issued a civil protection order in August 2004 for this incident that prohibits Newsome from having contact with appellee or any of the four children until August 2009. Newsome was arrested in Lake County in December 2004 in a methamphetamine bust and convicted on drug charges, receiving a four-year sentence. Since Newsome's incarceration, he has had no communication with his children in the form of gifts or cards, his child support payments are in arrears, and any child support received by appellee has been paid by Newsome's parents.
 {¶ 8} Appellee and Steven D. DeChurch both testified that their marriage was stable and that they regularly attended church. DeChurch works as a field service representative for an office machine business and appellee is the proprietor of a nail salon.
 {¶ 9} Following the hearing, the magistrate issued a decision that recommended that the children's names be changed to Nicholas Kobe Newsome DeChurch and Kaliegh Jadyn Newsome DeChurch, respectively. Newsome filed objections to the decision, which the trial court overruled on September 11, 2006. Newsome then timely appealed to this court, raising the following issue, which we construe for purposes of this appeal to be his assignment of error: *Page 4 
 {¶ 10} "Whether the trial court erred in granting the petitions for name change."
 {¶ 11} A trial court's decision to grant or deny an application for change of name is reviewed under an abuse of discretion standard.[1] A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable.[2]
 {¶ 12} This court has recently stated the considerations entering into a trial court's decision to grant or deny an application for name change:
 {¶ 13} "The parent of a minor child may file an application in probate court for change of name on behalf of the child. R.C. 2717.01(B). Upon showing `reasonable and proper cause for changing the name of the applicant, the court may order the change of name.' R.C. 2717.01(A). `When deciding whether to permit a name change for a minor child * * *, the trial court must consider the best interest of the child in determining whether reasonable and proper cause has been established.'[3]
 {¶ 14} In determining whether a change of a minor's surname is in the best interest of the child, the trial court should consider the following factors: the effect of the change on the preservation and development of the child's relationship with each parent; the identification of the child as part of a family unit; the length of time that the child has used a surname; the preference of the child if the child is of sufficient maturity to express a meaningful preference; whether the child's surname is different from the surname of the child's residential parent; the embarrassment, discomfort, or inconvenience that may result when a child bears a surname different from the *Page 5 
residential parent's; parental failure to maintain contact with and support of the child; and any other factor relevant to the child's best interest.'[4] "[5]
 {¶ 15} Newsome argues that it would not be in the best interest of Kobe and Kaliegh to have their surnames changed to DeChurch. In support of this argument, he asserts that appellee's motivation is based on her turbulent relationship with Newsome and that she seeks to undermine the children's relationship with their biological father and disassociate them from other members of the Newsome family. He further argues that this court's decision in In re Willoughby elucidates how the children's best interest is not served by the name change requested for them.[6]
However, we disagree that the decision in In re Willoughby supports Newsome's position.
 {¶ 16} In the In re Willoughby case, this court noted that the record showed "that a name change would destroy an already strained relationship between the children and their father"[7] and that "the name change only became an issue after the father attempted to deal with disrespectful behavior on the part of the children."[8] At the time mother filed her application for a name change, the children were 17, 12, and ten years old. Though they expressed a willingness to change their names, they had not been using the new surname for a significant period of time. Further, the record showed that the mother tried to poison their relationship with their father. In such case, this court held that the trial court did not abuse its discretion in refusing to grant the name change.[9] *Page 6 
 {¶ 17} The facts in the instant case are poles apart from the facts inIn re Willoughby. First of all, except for the first six months of Kobe's life, there was no relationship between Newsome and Kobe or Kaliegh, so there was no relationship to destroy. They were only four and two years old, respectively, at the time appellee filed her applications for a name change, and the only family unit they have been able to identify with in their short lives is the DeChurch family unit. During those years, Newsome has engaged in physically abusive behavior toward appellee as well as criminal drug activity. Though Newsome argues in this court that he has every intention of maintaining a relationship with his two children, his silence since 2003 has been deafening, not to mention his lack of financial support. Finally, appellee testified that she was not trying to poison the relationship of the children with Newsome, and there is nothing in the record to indicate otherwise. In fact, appellee's applications for name change request that the children maintain the name "Newsome" and, at the same time, add the name "DeChurch" as their surname.
 {¶ 18} For the foregoing reasons, we conclude that the trial court did not abuse its discretion in granting appellee's applications for name change.
 {¶ 19} The assignment of error is without merit.
 {¶ 20} The judgment entry of the trial court is affirmed.
DIANE V. GRENDELL, J., COLLEEN MARY OTOOLE, J., concur.
[1] In re Willoughby, 11th Dist. No. 2003-L-050, 2004-Ohio-2079, at ¶ 13.
[2] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[3] In re Willhite (1999), 85 Ohio St.3d 28, paragraph one of the syllabus.
[4] Id. at paragraph two of the syllabus.
[5] In re Change of Name of Alexander Gabriel Prodan to AlexanderGabriel Halliday, 11th Dist. No. 2005-G-2629, 2006-Ohio-2646, at ¶ 10-11.
[6] In re Willoughby, supra.
[7] Id. at ¶ 14.
[8] Id.
[9] Id. *Page 1